UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD WATERS, JR., ADMINISTRATOR OF THE ESTATE OF EDWARD JAMES WATERS,<br><br>                     Plaintiff,<br><br>v.<br><br>PIERRE KORY, M.D.,<br><br>                     Defendant. | **Case No. 3:24-CV-00858 (KAD)**<br><br>**January 7, 2025** |

### DEFENDANT'S CONSENT MOTION TO STAY ALL PROCEEDINGS PENDING OUTCOME OF DEFENDANT'S INTERLOCUTORY APPEAL

Defendant Pierre Kory, M.D., through his undersigned counsel, respectfully moves to stay all proceedings in this matter, pending the outcome of Defendant's interlocutory appeal to the U.S. Court of Appeals for the Second Circuit (ECF 32) of the Memorandum of Decision, dated January 2, 2025 (ECF 31), denying Defendant's motion to dismiss Plaintiff's claims for negligence and lack of informed consent, based on the statutory immunity afforded by the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d and 247d-6e ("PREP Act"). Plaintiff **consents** to this stay.

### BACKGROUND

This is a wrongful death action initiated on March 29, 2024, in the Superior Court of the State of Connecticut, and removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446 on May 12, 2024. The claims in this case arise from Defendant's medical treatment of Plaintiff's decedent for COVID-19 in December 2021. In the Amended Complaint, Plaintiff asserts causes of action against Defendant for negligence (Count I), lack of informed

consent (Count II), and violation of the Connecticut Unfair Trade Practices Act (CUTPA) (Count III). (ECF 24.)

On May 15, 2024, Defendant filed his motion to dismiss under the PREP Act. (ECF 14.) Plaintiff filed his opposition on July 26, 2024. (ECF 26.) Defendant filed his reply on August 8, 2024. (ECF 28.) Discovery was stayed pending adjudication of the motion. (Docket Order dated 8/19/2024.)

On January 2, 2025, the Court issued its Memorandum of Decision, granting Defendant's motion with respect to Count III but denying the motion with respect to Counts I and II. Assuming, without deciding, that Dr. Kory was a covered person and that prednisone was a covered countermeasure under the PREP Act, the Court held that Counts I and II were not barred by the PREP Act because Dr. Kory's alleged failure to prescribe a proton pump inhibitor or H2 blocker in conjunction with the allegedly high dose prednisone was a distinct and independent cause of Mr. Waters' death that fell outside the scope of immunity afforded by the PREP Act. The Court ordered the parties to file an amended case management plan by January 16, 2025. (Docket Order dated 1/2/2025.)

On January 4, 2025, Defendant filed a notice of interlocutory appeal of the Court's decision denying his motion with respect to Counts I and II, citing the collateral order doctrine for appellate court jurisdiction. *See, e.g., Blue Ridge Investments v. Republic of Argentina*, 735 F.3d 72 (2d Cir. 2013); *Hampton v. California*, 83 F.4th 754 (9th Cir. 2023) (applying collateral order doctrine to PREP Act).

## ARGUMENT

The Court should stay all proceedings pending the outcome of Defendant's interlocutory appeal. As the Supreme Court recently explained: "An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case

involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Because this Court granted Defendant's motion with respect to Count III, the only remaining issues in the case, Count I and Count II, are involved in this appeal. Therefore, under the *Griggs* principle as explained in *Coinbase*, Defendant's interlocutory appeal divests the district court of jurisdiction over the case.

The Supreme Court's *Coinbase* opinion resolves the question, which the Second Circuit had not answered, whether the filing of an interlocutory appeal automatically divests the district court of jurisdiction over the issues on appeal; its does. Consequently, pre-*Coinbase* cases applying a discretionary or "dual jurisdiction" approach to this question no longer are good law. *See, e.g., Nam v. Permanent Mission of the Republic of Korea to the United Nations*, 21-CV-06165(JLR), 2023 WL 2456646 (S.D.N.Y. Mar. 10, 2023) (granting stay); *National Rifle Ass'n v. Cuomo*, 1:18-CV-0566(TJM), 2022 WL 152534 (N.D.N.Y. Jan. 18, 2022) (granting stay). Even under a disretionary approach, however, a stay would be warranted because of the irreparable harm that Dr. Kory unquestionably would suffer by losing the benefit of immunity from suit afforded by the PREP Act. *See Nam, supra* at \*2 ("this factor weighs heavily in favor of a stay"); *National Rifle Ass'n, supra* at \*3 ("weighs heavily in Defendant Vullo's favor"); *cf. Coinbase*, 599 U.S. at 742 (noting "[i]n the Circuits that have considered the issue in the analogous contexts of qualified immunity and double jeopardy, moreover, district courts likewise must automatically stay their proceedings while the interlocutory appeal is ongoing") (citing cases).

## **CONCLUSION**

For the reasons set forth above, Defendant's consent motion to stay all proceedings in this matter, pending the outcome of Defendant's interlocutory appeal to the U.S. Court of

Appeals for the Second Circuit of the Memorandum of Decision, dated January 2, 2025, denying Defendant's motion to dismiss Plaintiff's claims for negligence and lack of informed consent under the PREP Act, should be granted.

Respectfully submitted,

**THE WARSHAWSKY LAW FIRM**

/s/ *Steven M. Warshawsky*

---

Steven M. Warshawsky (CT31768)
118 North Bedford Road, Suite 100
Mount Kisco, NY 10549
T: (914) 864-3353
E: smw@warshawskylawfirm.com

**ATKINSON LAW, LLC**

/s/ *Cameron Atkinson*

---

Cameron Atkinson (CT31219)
122 Litchfield Road, Suite 2
Harwinton, CT 06791
T: (203) 677-0782
E: catkinson@atkinsonlawfirm.com

*Attorneys for Defendant Pierre Kory, M.D.*